UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REYNA ISABEL RENTERIA RODRIGUEZ, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KENNETH T. CUCCINELLI, *et al.*, )<br>)<br>Defendants. ) | Case No. 2:19-cv-1729-GMB |

## **MEMORANDUM OPINION**

Before the court are the Motions for Summary Judgment filed, respectively, by Defendants and Plaintiff. Docs. 31 & 32. The motions have been fully briefed, and the court has considered the evidence and arguments set forth by both parties. Docs. 31, 32 & 36–38. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Doc. 24. For the reasons to follow, Plaintiff's motion is due to be denied and Defendants' motion is due to be granted because the court does not have jurisdiction over this dispute.

### **I. STANDARD OF REVIEW**

A federal court must have subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Jurisdiction is conferred only by the Constitution or by statute. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction,

and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The Administrative Procedure Act ("APA") provides jurisdiction for federal courts to review a "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.  A court may set aside an agency decision if it finds the decision to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).  "That standard provides the reviewing court with very limited discretion to reverse an agency decision and is exceedingly deferential." *Mathews v. USCIS*, 458 F. App'x 831, 833 (11th Cir. 2012) (internal quotation marks and citations omitted).

## II.  FACTUAL AND PROCEDURAL HISTORY

Plaintiff Reyna Isabel Renteria Rodriguez entered the United States as a nonimmigrant visitor on August 6, 2002. R. at 1.  She was authorized to stay until February 5, 2003, but remained in the United States after that date. R. at 1.  From October 16, 2013 to October 15, 2015, Rodriguez qualified for the Deferred Action for Childhood Arrivals ("DACA") program, which permitted her to stay in the United States but did not "confer or alter any immigration status." Doc. 31 at 26.  Rodriguez continued to receive DACA protection from October 30, 2015 to October 29, 2017. Doc. 31 at 29.  Her current period of DACA protection remains valid from May 20, 2019 to May 19, 2021. Doc. 31 at 31.

On October 19, 2017, Rodriguez filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with United States Citizenship and Immigration Services ("USCIS"), seeking to become a lawful permanent resident ("LPR"). R. at 1.  USCIS administratively closed her application on April 9, 2019, but reopened it for continued processing on January 30, 2020. R. at 1.  USCIS denied Rodriguez's application because she had "failed to maintain continuously a lawful status, and [was] not in lawful immigration status on the date [she] filed [her] Form I-485." R. at 1.  USCIS notified Rodriguez that she could not appeal the decision but could renew her application for adjustment of status before an Immigration Judge if she is placed in removal proceedings. R. at 2.

Rodriguez filed her Amended Petition for Mandamus on March 6, 2020, seeking judicial review of USCIS's decision. Doc. 17.  She argued that USCIS's reasons for denying her application were inadequate and that USCIS failed to provide her procedural due process when it reopened her application *sua sponte*. Doc. 17 at 2–5.  Rodriguez then moved for summary judgment on the same grounds on August 31, 2020. Doc. 31.  In the Amended Petition, Rodriquez named as defendants Kenneth T. Cuccinelli, USCIS Acting Director; Denise Frazier, USCIS Montgomery District Director; and William Barr, Attorney General of the United States.  The court later substituted Attorney General Merrick Garland for former Attorney General William Barr as a defendant in this action. Doc. 44.

### III. DISCUSSION

In their motion for summary judgment, Defendants argue that this court lacks jurisdiction over Rodriguez's claims because she has not exhausted her administrative remedies.[1] Doc. 32 at 1. Defendants' argument succeeds only if USCIS's denial was not a "final agency action" under 5 U.S.C. § 704, because "judicial review is not available until 'an aggrieved party has exhausted all administrative remedies expressly prescribed by statute or agency rule.'" *Ibarra v. Swacina*, 628 F.3d 1269, 1269 (11th Cir. 2010) (quoting *Darby v. Cisneros*, 509 U.S. 137, 146 (1993)). In *Ibarra*, *id.* at 1270, the Eleventh Circuit held that a plaintiff seeking review of USCIS's denial of her I-485 application had not exhausted her administrative remedies because she was "currently in removal proceedings [and had] another opportunity to obtain adjustment of status."[2] But the court demurred on the question of "whether we have jurisdiction under the APA if the alien has not yet been placed in removal proceedings." *Id.* at 1270 n.2.

Thus, the unsettled question before the court is whether it has jurisdiction to

---

[1] Defendants also argue that this court does not have jurisdiction under 8 U.S.C. § 1252(a)(2)(B). Doc. 32 at 12. However, 8 U.S.C. § 1252(a) provides for and limits judicial review of final removal orders. *Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020). Because USCIS's denial was not a final removal order, § 1252(a)(2)(B) does not apply. Defendants also argue that USCIS's decision was not arbitrary or capricious and did not otherwise violate the APA. Doc. 32 at 12. Because the court finds that it does not have jurisdiction over this matter, it will not address the merits of USCIS's denial.

[2] Under immigration regulations, a noncitizen cannot appeal the denial of an application for adjustment of status but may renew her application if and when she is placed in removal proceedings. 8 C.F.R. § 245.2(a)(5)(ii).

review USCIS's denial of Rodriquez' application for adjustment of status when the agency has not yet placed her in removal proceedings. The federal courts of appeals are split on this question. *Compare McBrearty v. Perryman*, 212 F.3d 985, 987 (7th Cir. 2000) (holding that the plaintiffs had not exhausted their administrative remedies because they could appeal the decision if and when they were placed in removal proceedings), *and Cardoso v. Reno*, 216 F.3d 512, 518 (5th Cir. 2000) (same), *with Pinho v. Gonzales*, 432 F.3d 193, 200–04 (3d Cir. 2005) (holding that the plaintiff had exhausted his remedies because there was no appeal available to him until he was placed in removal proceedings), *and Cabaccang v. USCIS*, 627 F.3d 1313, 1317 (9th Cir. 2010) (same).

The APA mandates exhaustion of agency remedies by permitting judicial review only of "final agency action[s] for which there is no other adequate remedy." 5 U.S.C. § 704. This statutory scheme makes no allowance for the exercise of judicial discretion even if the outcome may be unjust. Therefore, in keeping with the plain language of the statute, this court strictly applies the statutory exhaustion requirement. *See McBrearty*, 212 F.3d at 987; *Cardoso*, 216 F.3d at 518. Here, Rodriguez cannot exhaust her remedies until she asks an Immigration Judge to review her application for adjustment of status, if and when USCIS initiates removal proceedings. *See Mendez v. Cuccinelli*, 467 F. Supp. 3d 1249, 1257–58 (S.D. Fla. 2020) (holding that the plaintiff had not exhausted her remedies until she challenged

USCIS's denial in removal proceedings). Until that time, USCIS's denial of Rodriguez' application is not a final agency action, and this court has no jurisdiction to review it.

## IV.  CONCLUSION

Accordingly, Plaintiff's Motion for Summary Judgment (Doc. 31) is due to be denied, and Defendants' Motion for Summary Judgment (Doc. 32) is due to be granted.

A final judgment will be entered separately.

DONE and ORDERED on April 13, 2021.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE